# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1619
_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Raphael Fluckes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 9, 2023
Filed: March 1, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

PER CURIAM.

A Davenport dance club bouncer told off-duty police officers that he denied Rodney Raphael Fluckes entry to the club because Fluckes had a gun in his jacket. Outside the club, Fluckes fled when the officers saw a gun in his hand and ordered him to stop. A bystander told officers he saw Fluckes toss a loaded 9-millimeter

handgun in a bush where officers later found it. Fluckes pleaded guilty to being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1), 924(a)(2).

At sentencing, the district court[1] increased Fluckes's base offense level because he has two prior felony convictions for a "controlled substance offense" as defined in the advisory guidelines -- Illinois state convictions for manufacturing or delivering between one and fifteen grams of cocaine, and for manufacturing or delivering a controlled or counterfeit substance classified in Schedules I or II of the Illinois controlled substances law. See USSG §§ 2K2.1, 4B1.2(b); 720 Ill. Comp. Stat. §§ 570/401(c)(2), (d)(i). This resulted in an advisory guidelines sentencing range of 57 to 71 months' imprisonment. Varying downward, the district court sentenced Fluckes to 48 months' imprisonment plus three years of supervised release.

Fluckes appeals this sentence, arguing that his Illinois state felony drug convictions do not qualify as "controlled substance offenses" because, although the guidelines define a "controlled substance offense" as "an offense under federal *or state law*," § 4B1.2(b) (emphasis added), the term "controlled substance," which is undefined, must be limited to substances controlled under the federal Controlled Substances Act ("the CSA"). Under the categorical approach that determines whether a prior conviction qualifies as a "controlled substance offense," Fluckes argues that his definition makes the Illinois statute overbroad because "its definition of cocaine is broader than the CSA's definition of cocaine."

Fluckes's argument "is foreclosed by circuit precedent." United States v. Bonds, No. 21-2359, 2022 WL 3151855, at *1 (8th Cir. Aug. 8, 2022). As Flukes acknowledges, a panel of this court held in United States v. Henderson that "[t]he career-offender guideline defines the term controlled substance offense broadly . . . .

---

[1]The Honorable John A. Jarvey, then Chief Judge of the United States District Court for the Southern District of Iowa, now retired.

There is no requirement that the particular substance underlying the state offense is also controlled under a distinct federal law." 11 F.4th 713, 718 (8th Cir. 2021) (quotation omitted), cert. denied, 142 S. Ct. 1696 (2022). Citing conflicting decisions from other circuits, Fluckes argues that Henderson was wrongly decided and "must be overruled." However, only the en banc court (or the Supreme Court of the United States) can overrule binding circuit precedent. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

The judgment of the district court is affirmed.

_____